**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CRISTINA THOMAS,
Plaintiff-Appellant,

v.                                                              No. 97-2642

RANDOLPH HILLS NURSING CENTER,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-96-3908-PJM)

Submitted: June 23, 1998

Decided: July 28, 1998

Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan Lescht, ALAN LESCHT & ASSOCIATES, P.C., Washington,
D.C., for Appellant. Hope B. Eastman, David M. Rothenstein,
PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG & COOPER,
CHARTERED, Bethesda, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Cristina Thomas appeals the district court's order granting summary judgment to the Appellee and dismissing Thomas's complaint brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621 - 634 (West 1985 & Supp. 1998). Finding no reversible error, we affirm.

Thomas, a registered nurse, began working for Randolph Hills Nursing Center ("Randolph Hills") in its west wing in 1979. In 1981, she became the wing's evening supervisor. She generally worked three to four evenings a week and was paid by the hour. In July 1995, Connie Hutton, Randolph Hills' Administrator, hired Maria Galatti, a 33-year-old Licensed Practical Nurse, as the west wing's unit coordinator, a newly created position. As a result, Thomas, who was 55 years old, had her work schedule reduced about 22 hours per month. Randolph Hills offered her the opportunity to recapture those hours in another of the facility's wings, but she declined. In September 1995, Thomas resigned from the facility.

Hutton hired a unit coordinator because she was concerned about the west wing's turnover in nursing assistants, duties not being assigned, and complaints from family members and residents. Galatti did not have the nursing experience Thomas had, and her license did not permit her to perform all the functions nurses could perform. Furthermore, Galatti was paid less than Thomas. However, Galatti was an experienced unit manager in a long term care facility and was familiar with the tasks Hutton wanted the unit coordinator to perform, such as care planning, paperwork, educating nursing assistants, and maintaining 24-hour contact with the west wing. Thomas's responsibilities as evening supervisor did not include many of those tasks. But because there was some overlap in their responsibilities, it was redundant to have both women working at the same time. Therefore, Thomas was only scheduled to work in the west wing on those evenings when Galatti was not scheduled to work.

Hutton saw the need to hire a unit coordinator in part because of complaints from patients, families, and doctors regarding Thomas. In

addition, she received an unfavorable evaluation of Thomas prepared by Roberta Pratt, Director of Nursing, and Duan Han, Assistant Director of Nursing. Hutton requested Pratt prepare evaluations of the entire nursing staff because Pratt was resigning her position and Hutton was to assume some of her duties until a replacement was hired.

In response to the summary judgment motion, Thomas contended that the evaluation was not valid because it was not signed by the preparer or by Thomas. Furthermore, according to Thomas, the evaluation was not credible because it was not consistent with past positive evaluations she had received, and Pratt stated in her deposition that she did not recognize the evaluation, nor did she recall specifically preparing one for Thomas. Han, however, recalled preparing the evaluation with Pratt.

Thomas also contended that the alleged complaints received by Hutton were not to be believed because there was no documentation. In addition, Pratt stated during her deposition that she never received any complaints about Thomas while she was Director of Nursing. According to Hutton, there was no documentation because the complaints, which may have been in writing, were probably thrown away.

We review de novo an order of the district court granting summary judgment. See Nguyen v. CNA Corp., 44 F.3d 234, 236 (4th Cir. 1995). In so doing, we must view all reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party, and determine whether any material issues of fact exist for trial. Id. at 236-37.

In support of her case, Thomas relied upon the burden-shifting scheme outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The district court concluded that Thomas established a prima facie case of age discrimination and that Randolph Hills established a legitimate non-discriminatory reason for the adverse employment decision. The court granted summary judgment to Randolph Hills because, although Thomas may have shown that Randolph Hills' proffered reason for the employment decision was not entirely credible, she did not have any evidence showing that age was the real reason for the employment decision.

3

On appeal, Thomas contends that Randolph Hills was not entitled to summary judgment because Thomas established a prima facie case and raised issues of fact regarding her employer's proffered nondiscriminatory reasons for the adverse employment decision. Thomas further contends the district court erred in requiring her to show not only pretext but "pretext-plus." Specifically, the court allegedly erred by requiring Thomas to show that the adverse employment action was caused by an intent to discriminate against her because of her age.

Thomas raises the exact argument we recently rejected in <u>Vaughan v. MetraHealth Cos.</u>, ___ F.3d ___, 1998 WL 271836, at *4 (4th Cir. May 29, 1998) (No. 96-2214). In <u>Vaughan</u>, we held that the "pretext-plus" approach is preferred over the approach favored by Thomas. Thomas correctly observes that establishing a prima facie case and raising factual issues regarding the employer's reasons may permit a factfinder to infer the ultimate fact of age discrimination. <u>See St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 511 (1993). This in no way diminishes Thomas's primary task of showing "some evidence on which a juror could reasonably base a finding that discrimination motivated the challenged employment action." <u>Vaughan</u>, ___ F.3d ___, 1998 WL 271836, at *4. We agree with the district court that Thomas failed this task.

Hutton's decision to hire a unit coordinator was clearly motivated for the purpose of establishing continuity in a unit in which Hutton believed it was lacking. Although Galatti lacked Thomas's nursing skills and experience, she did have more experience in the type of tasks Hutton saw the unit coordinator performing. Thomas was not prohibited from working the amount of hours to which she was accustomed because she could have worked in other wings, while keeping her title and with no change in salary or benefits. In addition, Thomas tried in vain to establish a pattern of older nurses being replaced by younger nurses. The evidence does not support such a conclusion. There was also no evidence of any animus directed towards Thomas due to her age. In sum, there was no evidence that any adverse employment decision was motivated by Thomas's age.

Based on the foregoing, we affirm the order of the district court. We dispense with oral argument because the facts and legal conten-

4

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED